# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## JOE ANTHONY IVY  v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-22524   John P. Colton, Jr., Judge**

———————————

**No. W2005-01538-CCA-R3-PC  -  Filed August 4, 2006**

———————————


The Petitioner, Joe Anthony Ivy, appeals the lower court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to establish his entitlement to relief from an unconstitutional or invalid sentence. Accordingly, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ.  joined.

Robert B. Gaia, Memphis, Tennessee for the appellant.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.


### MEMORANDUM OPINION


The Petitioner, Joe Anthony Ivy, was convicted by a Shelby County jury of one count of first degree murder. *See  State v. Joe A. Ivy,* No. 02C01-9707-CR-00273, 1998 WL 813405, *1 (Tenn.

1

Crim. App., at Jackson, Nov. 25, 1998), *perm. to appeal denied,* (Tenn., Feb. 28, 2002). For this offense, the Petitioner was sentenced to life without the possibility of parole. *Id.* On direct appeal, this Court affirmed the Petitioner's conviction and sentence. *Id.* Petitioner Ivy filed a timely petition for post-conviction relief in January 2000, raising numerous allegations of ineffective assistance of counsel, including that counsel failed to timely perfect an application for permission to appeal to the Tennessee Supreme Court. Subsequently, the post-conviction court permitted the Petitioner a delayed appeal to the Tennessee Supreme Court; the remaining claims were held in abeyance pending resolution of the application for permission to appeal. The Tennessee Supreme Court denied the application by order dated February 28, 2002. In April 2005, the post-conviction court conducted an evidentiary hearing on the claims and, on May 31, 2005, denied relief. A timely notice of appeal was filed by appointed counsel.

On appeal to this Court, the Petitioner contends that the lower court erred in dismissing his petition for post-conviction relief finding that "counsel was not ineffective for failing to timely file a motion for a jury charge as to range of punishment which was available at the time of the trial of this cause" and that counsel was not ineffective for "admittedly erroneously advising defendant that he would serve 25 years on a life sentence for first degree murder." The State asserts that the Petitioner previously raised the issue of jury instructions in his direct appeal; thus, this claim has been previously determined. *See* T.C.A. § 40-30-106(f). Additionally, the State avers that this issue was not addressed at the evidentiary hearing. Finally, the State contends that the specific factual allegations supporting the claim of ineffective assistance of counsel were not raised in his petition for post-conviction relief. Rather, the State argues, the claims "are in response to testimony developed at trial."

A review of the Petitioner's petition for post-conviction relief, the transcript of the evidentiary hearing and the post-conviction court's order denying post-conviction relief fail to reveal that the Petitioner made the specific claims which are now the subject of this instant appeal. In this regard, it is clear that the post-conviction court did not consider the claims and did not make specific findings of fact and conclusions of law relative to these allegations of ineffective assistance of counsel.

Ineffective assistance of counsel is a single claim for relief under the Post-Conviction Procedure Act even though the violation may be proved by multiple acts or omissions on the part of counsel. *Erika Louise Bunkley Patrick v. State*, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (Tenn. Crim. App., at Jackson, Jan. 24, 2006) (citing *Thompson v. State,* 958 S.W.2d 156, 161 (Tenn.Crim.App.1997) (citations omitted); *Cone v. State,* 927 S.W .2d 579, 581-82 (Tenn. Crim. App. 1995)). Thus, all factual allegations must be presented in one claim. *See* T.C.A. § 40-30-106(d). A petitioner may not relitigate a claim of ineffective assistance of counsel "by presenting new and different factual allegations" on appeal. *Erika Louise Bunkley Patrick v. State*, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (citing *Thompson,* 958 S.W.2d at 161; *Roger Clayton Davis v. State,* No. 03C01-9902-CR-00076, 2000 WL 21307 (Tenn. Crim. App., at Knoxville, Jan. 14, 2000), *perm. to appeal denied* (Tenn. Sept. 5, 2000)). It appears that Petitioner's additional factual allegations supporting his claim of ineffective assistance of counsel, which were not raised in his

petition for post-conviction relief, are in response to testimony developed at the evidentiary hearing.[1] Furthermore, the post-conviction court did not make any findings of fact on the factual allegations Petitioner now raises. *Erika Louise Bunkley Patrick v. State*, No. W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (citing Tenn. R. App. P. 36(a) (No "relief may be granted in contravention of the province of the trier of fact.")). Consequently, these issues have been waived. *See Cone,* 747 S.W.2d at 357.

The Petitioner has failed to establish that he is entitled to relief. The issues raised by the Petitioner in his appeal are waived. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] While it appears that defense counsel did seek permission to obtain names of jurors in the underlying trial to attempt a showing of prejudice after testimony indicated that counsel failed to timely file a motion for charge of range of punishment, the record fails to reflect that counsel sought amendment of the petition for post-conviction relief to include this allegation in his claim for ineffective assistance of counsel. Moreover, the post-conviction court's order denying relief is silent as to these claims now raised on appeal.